## ZANE vs. CAWLEY.

1. A mistake as to facts or the contents of a contract for the sale of land, might, in some cases, excuse or modify the performance, but the vendor must perform it according to its legal effect, unless he is misled by the fault of the other party.

2. When the matters constituting the complainant's equity are clearly and definitely denied in a responsive answer, they must be proved by the oath of more than one witness.

This cause was argued upon the pleadings and proofs.

*Mr. J. N. Dickinson,* for complainant.

*Mr. M. P. Grey,* for defendant.

THE CHANCELLOR.

This suit is to restrain the defendant from prosecuting a suit brought by him against the complainant, in the Salem Circuit Court, for cutting and carrying away the wheat growing on the defendant's farm, in July, 1867. The farm had been conveyed by the complainant to the defendant on the 20th of March, 1867, by deed, without any reservation of the wheat. The bill alleges that at the agreement for the sale, made on the 5th of January, 1867, it was agreed that this crop of wheat should be reserved to the complainant; that by mistake the reservation was not inserted in the written contract executed on that day, but that two days afterwards the reservation was endorsed on the con-

Zane *v.* Cawley.

tract by authority of the defendant; and that at the time of the delivery of the deed it was not inserted in the deed, because the scrivener told the complainant that the endorsement on the contract was sufficient, and that it was not necessary to insert it in the deed. The bill does not seek to rescind or reform the contract, or to have the deed delivered up on repayment of the purchase money, but only to restrain the action at law.

The equity of the complainant rests upon the allegation that there was an agreement at the sale that the wheat crop should be reserved to him. Without such express reservation, the agreement for the sale of the farm would, of course, oblige the vendor to convey it without reservation, or with the crop included. A mistake by the vendor as to the legal effect of the contract, in this respect, would not be a good defence to a suit for performance. He would be obliged to perform it according to its legal effect, unless he was misled by fault of the other party. A mistake as to facts, or the contents of the contract, might, in some cases, excuse or modify the performance. The complainant does not place himself on the ground that he mistook the legal effect of the contract, but that there was an express agreement to reserve the crop, which was not inserted in the contract. He must, in the first place, prove that there was such an agreement. It is alleged in the bill clearly and definitely; it is as clearly and definitely denied in the responsive answer. This, by the well settled principles of proof in this court, requires that the agreement should be proved by evidence greater than the oath of one witness. The only witness to the agreement is the complainant himself. There is nothing in the evidence anywhere to confirm this testimony. The general expression in the testimony of the scrivener, that he always understood that the wheat was reserved, does not support it, for he did not hear the verbal contract, and it is clear, from his whole evidence, that the question of this reservation was first brought to his attention two days after the contract was made; and the only admission made to him, at any

time, by the defendant, was the answer, "I did not consider anything about it," to the question, "did you consider the wheat reserved?" This, clearly, only referred to his view of the legal effect of the contract, and it did not authorise the endorsement made on the contract in pencil by the scrivener, "wheat reserved by consent of parties." This was the only authority, and that endorsement was a nullity. Without regard to the effect of a responsive answer, the complainant would not have sustained his case. He swears that the contract entered into was different from the written contract; he has the burden of proof. The defendant contradicts him. To change a written contract, requires proof clearly preponderating.

The case stands, then, without sufficient proof that there was any contract that the wheat should be reserved to the complainant, and, of course, he can be entitled to no relief founded on that ground. He would have been compelled to convey the farm without that reservation, and the fact that he was misled by the assertion of the scrivener, that the endorsement on the contract was sufficient to reserve the wheat, could be of no avail. It was, at most, a mistake of law, into which he was led without any agency or silence of the defendant. The evidence does not show that the question was raised in the presence, or to the knowledge of the complainant, until after the delivery of the deed and the payment of the consideration. Then, for the first time, he was told that the scrivener had said the endorsement was sufficient to reserve the wheat.

The bill must be dismissed, and the defendant allowed to proceed at law.